LEAR, Judge.
In these consolidated cases, plaintiffs, the certified public accounting firm of Donald G. Gallent d/b/a Donald G. Gallent and Company, and the individual partners of said firm (Gallent) sued defendants, Kenneth Womack (Womack), Deferred Compensation Corporation of America (DCCA) and Deferred Compensation Corporation of Louisiana (DCCL) on two promissory notes. Plaintiffs also sued DCCA and DCCL on unpaid accounts for professional services rendered by plaintiffs to the corporations. With regard to the suits on the promissory notes, defendants allege the affirmative defenses of duress in the execution of the notes and failure of consideration. Defendants further claim that the fifteen percent rate of interest contained in said notes is usurious and that the twenty-five percent attorneys fees in said notes is unconscionable. With regard to the unpaid accounts, defendants generally denied that any amount was owed to plaintiffs.
A judgment was rendered by the trial court in both suits in favor of plaintiff, Donald G. Gallent d/b/a Donald G. Gallent and Company and against the defendants in the full sum of both promissory notes together with the interest and attorneys fees contained therein and for an additional sum for the professional services rendered. The trial court, in lengthy and well-reasoned oral reasons for judgment, which we adopt in part, held as follows:
“Now, it appears that the audit for 1979 was engaged and agreed upon by a commitment dated July 13, 1979, wherein the terms of the arrangement were ‘invoices for our fees will be rendered monthly at a standard hourly rate and are payable upon receipt.’ The defendant does not deny that that was the basic arrangement. He contents [sic], of course, that the hourly rate was excessive. It appears that the representative of Donald G. Gallent and Company, Mr. Danny Lee, also a certified public accountant and a partner in that firm until October 31,1979, had nearly all of the dealings with Mr. Womack, and he told Mr. Womack that the range or parameter of charge per hour for the services of the firm would run from approximately $18.00 to $50.00 per hour, depending upon who was performing the services and the type of services to be performed. He did also make a statement to Mr. Womack that the charge for his services would be $35.00 per hour. This, of course, was essentially the arrangement and agreement between the parties.
“Now, insofar as the first defense, which relates to whether the note was signed under duress, it’s the defendant’s contention that he was contacted shortly before the end of the year, on December 28, 1979, when the notes were executed, by Mr. Gal-lent who said that he would not sign the audit and transmit the audit, which was absolutely necessary to fulfill the terms of his contract in the State of North Carolina and the State of Louisiana, unless these notes were executed. Let me say this: The law essentially is governed by Civil Code Article 1856 dealing with, of course, those things which invalidate the consent of a party. Code 1856 says:
“ ‘If the violence used be only by a legal constraint, or the threats only of doing that /which the party using them had a right to do, they shall not invalidate the contract. A just and legal imprisonment, or threats of any measure authorized by law and by the circumstances of the case, or [sic] of this description.’
“In Texas Company versus McDonald, [228 La. 353] 82 So.2d 37, the court held:
“‘To threaten to place one in default, preliminary dessertion [sic] of a legal right is not coercion or duress.’
“It would appear to me that even under the circumstances, even if we take the testimony of Mr. Womack as the correct and true version of what transpired, that that *364 would not constitute the coercion, or duress, as described under the law. It would merely appear to the court that Mr. Gallent, for whatever reason best known to him, had the legal right at that point in time to insist upon the payment of his account, and the willingness, or unwillingness, of Mr. Wom-ack to sign the note would not be considered as coercion under the law, or the type of duress which could invalidate his execution of the two notes in question. So the court is of the opinion that there is no merit in that defense.
“Now, the next defense is a failure of consideration. Mr. Lee has testified in detail relative to the amount of time that was employed in performing the audit up until November 30,1979, which was the period of time covered by the two notes in question, and he also testified regarding the hourly rate. Mr. Womack, of course, indicated by his testimony that he felt the rate was excessive. The court is of the opinion in this matter that the plaintiff has carried his burden of proof insofar as showing the accuracy of the hours employed to perform the audit, and, of course, as to the rate which was charged. So the court is of the opinion that there has been satisfactory evidence that the consideration largely was satisfied. Of course, as to the claim that there was usurious interest the law, at the time in 1979 when the notes were executed, would not permit a 15 percent interest rate, but, of course, that has been interpreted to include interest charged to an individual, not in connection with a commercial business or transaction. In this case it was clearly, including the signature of Mr. Womack, in connection with a commercial undertaking, and would not fall within the purview of the article dealing with usury. Now, as far as the attorney’s fees of 25 percent, this is obviously on the high range of attorney’s fees for an amount such as this, but the court is unfamiliar with any cases which would set aside attorney’s fees of 25 percent for the nature and amount involved as being illegal or unreasonable, and, consequently, since it was a contractural [sic] obligation the court is of the opinion that it is valid.
“Now, we will turn to the question of the account for professional services which, in effect, is for the portion of the audit which was performed following December 1, 1979. The court, of course, has heard all of the testimony regarding the hours contributed and the work to be done, and, without belaboring the point in detail, the court finds no error except in one part. As I said before, Mr. Lee has testified that he told Mr. Wom-ack that he was going to be charged for his time at the rate of $35.00 per hour, and it appears that because of the dissolution of the partnership that it was required that the firm hire Mr. Lee on an individual basis as an independent contractor, and to that extent whatever time that he contributed in performing the audit subsequent to December 1, 1979, should have been billed at the same rate. According to the evidence it appears that Mr. Lee worked on the audit during December and contributed a total of 134.25 hours. To the extent that the charge was made for $45.00 an hour, $10.00 more an hour, the court is of the opinion that this amount was excessive. While the court has not divided the amount between the two suits, and is not real sure that it should be divided between the two suits, the court is of the firm conviction that the amount claimed should be reduced by the sum of $1,342.50, which is the amount of Mr. Lee’s services for December, 134.25 hours times $10.00 an hour. In all other respects the court is satisfied that the plaintiff has established and proven his claim that all of the work done was incurred and was properly performed, and that the audit was completed in a professional manner.”
After the rendition of the trial court’s oral reasons for judgment, there was some discussion of the fact that the evidence established that forty-four hours of Mr. Lee’s time had in fact been charged at the correct rate of $35.00 an hour. At that point, the court agreed and stated that the amount claimed should be reduced by the sum of $902.50, rather than the previously stated sum of $1,342.50.
We note that plaintiffs have answered this appeal seeking reasonable attorneys *365 fees against appellants on the grounds of frivolous appeal. However, although we have found the judgment of the trial court to be correct, we do believe that valid issues were presented on appeal and therefore plaintiffs’ claim for attorneys fees for frivolous appeal are hereby denied.
For the foregoing reasons, the judgments of the trial court are affirmed. The relief sought by plaintiffs’ in their answer to this appeal is hereby denied.
APPEAL NO. 14,604: AFFIRMED.
APPEAL NO. 14,605: AFFIRMED.